FILED'07 SEP 27 14:05 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY A. HARRINGTON,                                  Civil No. 06-460-CL

      Plaintiff,                                         ORDER

   v.

PHIL WARD; LARRY MENTEER; DWIGHT
FRENCH; PAUL R. CLEARY; and BARTON
T. CHAPMAN,

      Defendants.

CLARKE, Magistrate Judge:

     In plaintiff's amended complaint, he alleges claims against defendants for violation of his equal protection, procedural due process, and free speech rights under 42 U.S.C. § 1983. He seeks declaratory relief, injunctive relief, economic damages, compensatory damages, punitive damages, and attorney's fees and costs. This court has jurisdiction pursuant to 28 U.S.C. § 1331. The parties have executed written consents for entry of final judgment by a magistrate judge (#100). 28 U.S.C. § 636(c). Before the Court are a motion for summary judgment by defendants Ward and Menteer, the defendants named in plaintiff's original complaint (#19), a motion for summary judgment by all defendants named in plaintiff's amended complaint (#108) (second motion), and plaintiff's motion to

strike (#133). Following argument of these motions, the parties were allowed to file supplemental briefing. For the reasons set forth below, the Court concludes that claim preclusion bars plaintiff's constitutional claims in this proceeding and this action should be dismissed.

## I. **FACTS**

Construing the facts in the light most favorable to the non-movant, the record reveals the following undisputed facts relevant to the Court's ruling:

Plaintiff Gary A. Harrington owns property near the Crow Foot Creek.

At all relevant times, defendant Larry Menteer was employed by the Water Resources Department (WRD) as Watermaster for District 13 and defendant Barton T. Chapman was an Assistant Watermaster with Jackson County. (Menteer Decl. ¶ 1; May 1, 2007, Ward Aff. Ex. 5 at 6-8, Chapman Dep.)

On March 19, 2004, Dwight W. French, manager at the WRD, sent a letter to plaintiff explaining that plaintiff's request for reconsideration of decisions to deny his permit applications had been denied by operation of law. (Defs. Ex. 2, May 28, 2004, Pet'n for Judicial Review, Jackson County Circuit Court Case No. 041960Z0.)

On May 13, 2004, plaintiff filed a petition for judicial review of the WRD's March 19, 2004, letter in Harrington v. Water Resources Department, Jackson County Circuit Court Case No. 041750Z3 (Harrington I). (Defs. Ex. 1, May 13, 2004, Pet'n for Judicial Review in Harrington I.)

On October 28, 2004, Judge Daniel L. Harris granted summary judgment to the

Order - Page 2

State of Oregon in Harrington I. (Defs. Ex. 3, Oct. 28, 2004, Order.[1])

Plaintiff appealed the decision in Harrington I, Oregon Court of Appeals Case Number A129878. (Cottrell Decl. ¶ 2.)

On April 1, 2004, Watermaster Menteer issued a civil Notice of Regulation of Water Use to plaintiff. (Compl. ¶ 17.) On April 6, 2004, Watermaster Menteer issued a criminal Notice of Violation to plaintiff. (Compl. ¶ 18; Defs. Ex. 2, May 28, 2004, Pet'n for Judicial Review, Jackson County Circuit Court Case No. 041960Z0.)

On May 28, 2004, plaintiff filed a petition for judicial review in Harrington v. Water Resources Department, Jackson County Circuit Court Case Number 041960Z0 (Harrington II), contesting Notices of Regulation of Water Use posted on plaintiff's property on April 1, 2004, and the April 6, 2004, Notice of Violation. (Defs. Ex. 2, Pet'n for Review in Harrington II.) The petition filed in Harrington II sought to set aside each of the seven final orders of April 1 and 6, 2004; injunctive relief; reasonable attorney fees and costs; and other relief as the court deemed just and proper. (Defs. Ex. 2, Pet'n for Review in Harrington II.)

On March 10, 2006, Judge Mark Schiveley issued an opinion on cross motions for summary judgment in the State's favor on all claims in Harrington II. (Defs. Ex. 4, Mar. 10, 2006, Opinion[2]; Sept. 11, 2007, Oldham Aff. Ex. 2.)

On May 12, 2006, plaintiff filed a notice of appeal in Harrington II, Oregon Court of

---

[1] Defendants' exhibit 3 is not included in the materials submitted in support of their motion for summary judgment. However, plaintiff does not dispute that summary judgment was granted in favor of the State in Harrington I.

[2] Defendants' exhibit 4 is not included in the materials submitted in support of their motion for summary judgment. However, plaintiff does not dispute that summary judgment was granted in favor of the State in Harrington II.

Order - Page 3

Appeals Case Number A132213. That matter has been consolidated with the Harrington I appeal. The appeal is ongoing. (Cottrell Decl. ¶¶ 3-4.)

## II. LEGAL STANDARDS

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56(c); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). If the moving

Order - Page 4

party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

## III. DISCUSSION

Defendants move for summary judgment on the grounds plaintiff's claims are barred by the Rooker-Feldman[3] doctrine, res judicata, collateral estoppel, and Younger[4] abstention; plaintiff failed to commence this action within the statute of limitations; defendants are entitled to qualified immunity and absolute immunity; the Eleventh Amendment bars plaintiff's claims against defendants acting in their official capacity; the State is not a "person" for purposes of § 1983; and defendant supervisors cannot be held liable on a respondeat superior theory under § 1983.

As an initial matter, plaintiff concedes in his response to defendants' second motion that defendants Cleary, French, and Ward should be dismissed. Accordingly, defendants'

---

[3] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[4] Younger v. Harris, 401 U.S. 37 (1971).

motions will be addressed as to defendants Menteer and Chapman only.[5]

**Rooker-Feldman Doctrine**

Defendants contend that the Rooker-Feldman doctrine may prevent this Court from reviewing the state court's decision, at least as to the issue of plaintiff's 2002 conviction for illegally storing water. Plaintiff contends that he is not seeking reversal of a state court judgment. Because the doctrine is jurisdictional, the Court will first address this issue. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).

Pursuant to the Rooker-Feldman doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). The doctrine applies in constitutional cases brought under 42 U.S.C. § 1983. Gottfried v. Med. Planning Servs., Inc., 142 F.3d 326, 330 (6th Cir. 1998).

The Court finds that the doctrine is not applicable here. Although plaintiff refers to proceedings in state court, he does not frame his claims in terms which indicate that he seeks review of the merits of the state court judgments. When plaintiff complains of "a legal injury caused by an adverse party, Rooker-Feldman does not bar jurisdiction." Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Defendants' motion on this ground is denied.

**Claim Preclusion**

Defendants argue that plaintiff had the opportunity to raise each of the claims

---

[5] Defendant Menteer was named in plaintiff's initial complaint and defendant Chapman was named as a new defendant in plaintiff's amended complaint.

Order - Page 6

included in plaintiff's federal complaint in Oregon Circuit Court and, therefore, his federal claims are precluded. Plaintiff's response to defendants' preclusion argument focuses on issue preclusion; however, as pertinent to claim preclusion, it appears that plaintiff contends that he did not have a full and fair opportunity to raise a claim for damages under § 1983 in his request for judicial review of agency action, and the parties are not in privity. In his supplemental brief addressing defendants' claim preclusion argument, plaintiff asserts that judicial estoppel should be applied to prevent defendants from arguing that the ORS 183.484 proceeding was a fair opportunity for him to raise his constitutional claims; even if judicial estoppel is not applied, the petition for judicial review did not contain adequate procedures through which he could fully and fairly raise his constitutional claims; and, if defendants' argument is accepted, plaintiff and other individuals who file petitions for judicial review who have constitutional claims are denied equal protection. Defendants respond in their supplemental brief that the State's assertion of Oregon Administrative Procedures Act exclusivity in the Court of Appeals does not preclude a timely § 1983 claim; and plaintiff's argument that the petition for judicial review does not contain adequate procedures to raise his constitutional claims is unsupported by Oregon law and practice.

The doctrine of res judicata, or claim preclusion, generally prohibits a party from relitigating the same claims that were raised or could have been raised in the prior action. W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1193 (9th Cir. 1997). Claim preclusion applies to § 1983 actions and can preclude litigation of federal issues that a § 1983 litigant could have raised, but did not raise, in a prior state court proceeding. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984); Scoggin v. Schrunk, 522 F.2d 436 (9th Cir.

Order - Page 7

1975). When the prior action is a state court judgment, federal courts must apply the preclusion rules of the state that entered the judgment. Migra, 465 U.S. at 81; Valley Wood Preserving, Inc. v. Paul, 785 F.2d 751, 753 (9th Cir. 1986).

In Oregon, it is established that,

> "a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

Bloomfield v. Weakland, 339 Or. 504, 510-11 (2005) (en banc) (quoting Rennie v. Freeway Transport, 294 Or. 319, 323 (1982)); Drews v. EBI Cos., 310 Or. 134, 140-41 (1990). The Bloomfield court stated that, "The [claim preclusion] rule forecloses a party that has litigated a claim against another from further litigation on that same claim *on any ground or theory of relief* that the party could have litigated in the first instance." 339 Or. at 511 (emphasis added) (citing Dean v. Exotic Veneers, Inc., 271 Or. 188, 194 (1975)). Further, Oregon courts have given preclusive effect to necessary findings of administrative agencies where the parties had a full opportunity and the incentive to be heard on a record that was subject to judicial review. Stanich v. Precision Body and Paint, Inc., 151 Or. App. 446, 455 (1997), abrogated on another ground by Barackman v. Anderson, ___ Or. App. ___, No. 90808315, A131326, 2007 WL 2482619 (Sep. 5, 2007); Chavez v. Boise Cascade Corp., 307 Or. 632, 635 (1989); Drews, 310 Or. at 142 (citing Restatement (Second) of Judgments § 83 & cmt. f).

Here, the preliminary requirements for application of claim preclusion are met. There is a final judgment binding on the parties in Harrington II by virtue of the summary

Order - Page 8

judgment granted in favor of the WRD on all counts. See Nygaard v. United Parcel Serv. Gen. Servs. Co., 1 F. Supp.2d 1173, 1181 (D. Or. 1998); Ron Tonkin Gran Turismo, Inc. v. Wakehouse Motors, Inc., 46 Or. App. 199, 207 (1980); Drews, 310 Or. at 141 (citing Restatement (Second) of Judgments (1982)). For a prior action to have preclusive effect, the defendants in each action do not have to be identical, rather it is enough that they were in privity. Bloomfield, 339 Or. at 511; Secor Invs., LLC v. Anderegg, 188 Or. App. 154, 166-67 (2003); Gwynn v. Wilhelm, 226 Or. 606, 607 (1961). Defendants Menteer and Chapman, as the WRD Watermaster and Assistant Watermaster respectively, are in privity with the WRD. For the purpose of claim preclusion, employees are considered to be in privity with their employers. See Howard v. Lacy, No. 04-CV-62-7-BR, 2007 WL 270434, at *6 (D. Or. Jan. 25, 2007); Vilches v. Multnomah Educ. Serv. Dist., No. Civ. 02-294-AS, 2004 WL 1662074, at *13 (D. Or. May 5, 2004), adopted by Order, 2004 WL 1661986 (D. Or. July 23, 2004) (district employees named as defendants in § 1983 claims in federal action could have been named in appeal to Oregon Court of Appeals for review of agency action; because district only able to act through the individual defendants, there was privity between the parties).

It is clear that the claims presently before the Court are based on the same factual transactions as were at issue in Harrington II, and that plaintiff seeks the additional or alternative remedy in the present action of economic and compensatory damages.

Plaintiff disputes whether the last element for claim preclusion is met, that is, whether his § 1983 claims are "of such a nature that it could have been joined in the first action." Bloomfield, 339 Or. at 511. Plaintiff contends that defendants should be judicially estopped from arguing that he had a fair opportunity to raise his constitutional claims in

Order - Page 9

the petition for judicial review in state court for the reasons that the State argued in the Court of Appeals, first, that the Circuit Court had limited review and had no jurisdiction to consider plaintiff's request for declaratory relief and, second, that the petition for judicial review had to be filed within sixty days of the final order. He asserts that defendants' position in this proceeding is incompatible with the position taken in the Court of Appeals proceeding. Defendants respond that plaintiff confuses and conflates the distinct concepts of Oregon Administrative Procedures Act (APA) exclusivity to provide judicial review of final agency action and the doctrine of claim preclusion which requires that plaintiff bring all claims involving the same factual transaction against the same defendant or those in privity in the same action.

Judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996). In the Ninth Circuit, the doctrine is not confined to inconsistent positions taken in the same litigation, and it applies to administrative proceedings. Id. at 604, 605.

In the circumstances shown on the record, the Court does not believe that inconsistent positions have been taken by defendants. In his petition for review filed in Circuit Court in Harrington II, plaintiff challenged agency action of the WRD, alleging that the WRD acted outside its discretion and incorrectly interpreted and applied statutes. (Defs. Ex. 2 Pet'n for Judicial Review.) "The sole avenue for review of the validity of final agency orders is through the APA." Premier Technol. v. State ex rel. Oregon State Lottery, 136 Or. App. 124, 131 (1995) (citing ORS 183.480(2)); Muller v. State ex rel. Dept. of Agric., 164 Or. App. 11, 15-16 (1999); Mendieta v. State ex rel. Div. of State Lands, 148

Order - Page 10

Or. App. 586, 589-90 (1997), review dismissed, 328 Or. 331 (1999).  In contrast, where a plaintiff is not claiming that agency action violated a statute or rule or was otherwise in violation of administrative law but is seeking a remedy for the consequences caused by the order, the plaintiff is not limited to APA review.  Premier Technol., 136 Or. App. at 131 (allowing breach of contract action where plaintiff alleged that agency used its order to breach terms of an agreement with plaintiff); cf. Muller, 164 Or. App. at 15-16 (plaintiff could not bring negligence action against Department for damages where plaintiff challenged validity of Department's action; distinguishing Premier Technology case).

Thus, the State's argument made to the Court of Appeals in Harrington II, which was brought against the WRD, is not incompatible with the argument made by the individual defendants sued in this case that plaintiff could have joined his § 1983 claims against them for damages for their alleged conduct so that claim preclusion applies.

The Court is unsure how any argument made by the State in the Court of Appeals that plaintiff's petition for review was untimely because it was not brought within sixty days is inconsistent with any position taken in the instant case.

Accordingly, the Court concludes that defendants are not judicially estopped from arguing that plaintiff's constitutional claims are precluded by the doctrine of claim preclusion.

Plaintiff contends that the review proceeding did not contain adequate procedures through which he could fully and fairly raise his constitutional claims for the same reasons he argued that defendants are judicially estopped.  Plaintiff contends that the adequacy of procedures is lacking because a petition for judicial review must be filed within sixty days of the agency order compared to the two-year statute of limitations applicable to § 1983

Order - Page 11

claims, and because the scope of judicial review is limited. Defendants contend that the doctrine of claim preclusion requires that all claims arising from the same factual transactions be brought at the same time and does not include a qualifier for differing statutes of limitation.

Defendants point to the case, <u>Rennie v. Freeway Transport</u>, 294 Or. 319 (1982), in which the Oregon Supreme Court determined that plaintiff there was precluded from bringing the second state action despite the fact that the claims were based on different sources of law. In <u>Rennie</u>, the court concluded that,

> even though plaintiff did not have an absolute right to have his state law claim joined in the federal court action, that fact does not of itself operate to prevent the federal court judgment from effecting a claim preclusion, under *res judicata*, in this separate and subsequent state court action based on that claim.

<u>Id.</u> at 328. Defendants also point out that the <u>Rennie</u> court did not consider different statutes of limitations a defining factor when it determined that the fraud claim was precluded in state court, even though a longer two-year limitations period applies to fraud claims in Oregon, and a one-year limitations period applies to federal securities claims. The Court agrees with defendants that the fact that a petition for judicial review pursuant to ORS 183.480 must be brought within sixty days does not equate with inadequacy of the procedure.[6]

Further, the fact that judicial review under the APA is limited to review of the WRD's actions does not mean that plaintiff could not join a § 1983 claim against the WRD's

---

[6] The Court finds it noteworthy that plaintiff did, in fact, raise a constitutional challenge on due process grounds, in his petition for judicial review filed in the circuit court. (Defs. Ex. 2 Pet'n for Judicial Review, at 8.)

employees. The Muller court addressed a similar argument made by plaintiff there that APA review was inadequate because he could not seek damages from the Department of Agriculture. The Muller court determined that plaintiff's argument that precluding him from seeking damages constitutionally deprived him of a remedy begged the question since plaintiff must first establish the invalidity of the agency action. Muller, 164 Or. App. at 15-16. The Oregon APA provides that, in reviewing orders in other than contested cases, the circuit courts may review agency action for constitutional violations. ORS 183.484(5)(b)(C)[7]; see Leong's Inc. v. Or. State Lottery Comm'n, 142 Or. App. 460, 464-67 (1996) (suit against Lottery Commission and individuals raising constitutional challenges in judicial review of other than contested case pursuant to ORS 183.484, including challenge based on the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution). Plaintiff does not explain why he could not, pursuant to ORCP 23 and/or ORCP 24, join his § 1983 claims against the WRD employees, defendants in this case, in the state court proceeding. See Roe v. Kulongoski, 210 Or. App. 620, 623 (2007) (petitioner's third amended petition for review in circuit court of other than contested case under ORS 183.484 included a § 1983 claim for declaratory and injunctive relief), review allowed, 343 Or. 33 (2007); Bingham v. Or. Sch. Activities Ass'n, 37 F. Supp.2d 1189 (D. Or. 1999) (plaintiff's complaint included equal protection claim under § 1983 and a claim for judicial review under ORS 183.484 relating to review in other than contested case), vacated in part, 20 Fed. Appx. 720 (9th Cir. 2001); see also Rennie, 294

---

[7] ORS 183.484, relating to jurisdiction and procedure for review of orders in other than contested cases, provides in pertinent part in subsection (5)(b)(C): "The court shall remand the order to the agency if it finds the agency's exercise of discretion to be: . . . (C) Otherwise in violation of a constitutional or statutory provision."

Order - Page 13

Or. at 327-28 & n.8 (even where jurisdiction split, subsequent state court claim precluded under res judicata where there was no showing that one of the claims fell within the exclusive jurisdiction of a tribunal incompetent to adjudicate other claims, or where the federal court declined to exercise pendent jurisdiction, or where the federal claim was dismissed and would have clearly declined to exercise pendent jurisdiction). The circuit courts, where petitions for judicial review in other than contested cases are heard, ORS 183.484(1), are record-making and fact-finding courts where an evidentiary record may be developed. Norden v. State *ex rel.* Water Resources Dept., 329 Or. 641, 646-49 (2000), aff'g Norden v. State *ex rel.* Water Resources Dept., 158 Or. App. 127, 135 (1999). The Court concludes that the procedures provided in Circuit Court where petitions for judicial review of other than contested cases are heard are not inadequate and provide an opportunity for plaintiff to raise his constitutional claims.

Plaintiff contends that requiring a plaintiff who submits a petition for judicial review to protest unconstitutional agency actions pursuant to ORS 183.484 to join all supplemental constitutional claims with that same petition is a denial of that plaintiff's equal protection rights under the Fourteenth Amendment. Plaintiff bases his argument on the fact that the petition for judicial review must be filed in circuit court within sixty days following a final agency order, whereas a two-year statute of limitations applies to § 1983 claims for constitutional violations. Plaintiff relies on the Supreme Court case of Village of Willowbrook v. Olech, 528 U.S. 562 (2000), in support of his "class of one" equal protection claim.

It has been stated that, "The Clause protects a 'class of one' when a plaintiff can show that he or she has been intentionally treated differently than others similarly situated

Order - Page 14

and there is no rational basis for the different treatment." <u>Jones v. City of Modesto</u>, 408 F. Supp.2d 935, 957 (E.D. Cal. 2005) (citing <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002)). In order to prevail, "'the plaintiff must demonstrate that the government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant.'" <u>Jones</u>, 408 F. Supp.2d at 957 (quoting <u>Albiero v. City of Kankakee</u>, 246 F.3d 927, 932 (7th Cir. 2001)).

Applying this theory to the circumstances present here, plaintiff cannot show that he is treated differently because others similarly situated would also be required to join their § 1983 claims with the petition for review in circuit court. Further, plaintiff cannot show an illegitimate animus because it is not defendants in this action who are requiring that plaintiff's constitutional claims be joined in the state court proceeding, but the application of claim preclusion doctrine under applicable law. Accordingly, the Court finds that plaintiff is not denied equal protection by having to join his § 1983 claims with his petition for judicial review in State circuit court.

For the reasons discussed, the Court finds that plaintiff's § 1983 claims are of a nature that they could have been joined in <u>Harrington II</u>, the judicial review proceeding in state circuit court. Therefore, all elements for application of claim preclusion are met in the circumstances of this case.

Other courts have interpreted the Oregon APA to preclude § 1983 claims brought subsequent to administrative review proceedings. In <u>Vilches v. Multnomah Education Serv. District</u>, No. Civ. 02-294-AS, 2004 WL 1662074 (D. Or. May 5, 2004), <u>adopted by Order</u>, 2004 WL 1661986 (D. Or. July 23, 2004), plaintiff there had exercised his right to a review

Order - Page 15

of his dismissal before the Fair Dismissals Appeals Board (FDAB), and then appealed the FDAB's decision to the Oregon Court of Appeals pursuant to provision for judicial review of contested cases, ORS 183.482.[8] He also filed suit in federal court against his employer and its employees alleging claims including claims under 42 U.S.C. § 1983 against the district and the individual defendants for violation of his First Amendment free speech rights. The court determined that claim preclusion barred plaintiff's § 1983 claims in federal court. It found that the APA authorized the Court of Appeals to review agency action for constitutional violations pursuant to ORS 183.482, and that plaintiff could have asserted his § 1983 claim as a defense to the FDAB decision before the Court of Appeals. The court further found that plaintiff's § 1983 claims against the individual defendants were also barred because they could have been named as defendants in the appeal to the Court of Appeals. Vilches, 2004 WL 1662074, at *13; 2004 WL 1661986, at *4. The court noted that precluding plaintiff from vindicating his federal constitutional rights might seem harsh, but his § 1983 claims were barred for the reasons of federal-state comity. 2004 WL 1662074, at *13.

In Gilbertson v. Albright, Civil No. 01-6282-HO, slip op. at 6-7 (D. Or. Aug. 24, 2005), plaintiff there brought an action against members of the Oregon Board of Examiners for Engineering and Land Surveying in their individual capacities alleging violation of his First Amendment rights, procedural and substantive due process rights, and his right to equal protection in violation of 42 U.S.C. § 1983. The court found that the administrative

---

[8] ORS 183.482, relating to jurisdiction and procedure for review of contested cases provides in pertinent part in subsection (8)(b)(C): "The court shall remand the order to the agency if it finds the agency's exercise of discretion to be: . . . (C) Otherwise in violation of a constitutional or statutory provision."

proceedings and appeals to the Oregon Court of Appeals involved the same factual underpinnings raised in the federal case. It further found that, while plaintiff had raised a due process claim before the appellate court, he could have raised his other constitutional claims as well, citing ORS 183.482(8)(b)(C), see supra. The court concluded that, although plaintiff could not have sought damages in the Court of Appeals, he could have brought his constitutional claims and had every incentive to do so. Therefore, the court found that plaintiff was precluded from seeking relief for violation of his constitutional rights in federal court based on the same factual transaction raised in the prior state proceedings.

The Ninth Circuit has found that claim preclusion can bar a subsequent § 1983 claim under a statutory scheme for judicial review of an administrative proceeding similar to Oregon's APA provisions. In Holcombe v. Hosmer, 477 F.3d 1094, 1098-99 (9th Cir. 2007), plaintiff brought a 42 U.S.C. § 1983 claim against individual defendants for retaliation in violation of the First Amendment. The Ninth Circuit determined that plaintiff's § 1983 claim was based on the same set of facts as her claims of wrongful termination litigated before the Nevada State Personnel Commission and, under the Nevada statute, Nevada Revised Statute § 233B.135(3)(a),[9] plaintiff could have joined her § 1983 claim on judicial review of the administrative proceeding in state court and, consequently, she was barred by claim preclusion from bringing the § 1983 claim at a later time.

Addressing the policies behind the res judicata, or claim preclusion, doctrine, the Oregon Supreme Court has stated:

---

[9] Nevada Revised Statute § 233B.135(3), relating to judicial review of a final agency decision, provides in pertinent part: "The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is: (a) in violation of constitutional or statutory provisions."

Order - Page 17

> The principal purposes of res judicata are prevention of harassment of defendants by successive legal proceedings as well as economy of judicial resources. Its scope is related to the limits upon the various forms of relief which may be requested in one proceeding and the limitations upon amendments to pleadings during trial. As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding.

Dean, 271 Or. at 192. The Oregon Supreme Court has also found in discussing claim preclusion that, "Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question." Drews, 310 Or. at 140. The Drews court went on to state that, "The policies upon which court-made claim preclusion law is based include (1) achieving finality to a conclusion of a dispute, and (2) preventing splitting of that dispute into separate controversies. Both policies protect limited dispute-resolution resources from repeated expenditure upon the same overall dispute." Id. at 141. The Drews court found that these policies apply to administrative claim preclusion. Id. at 142.

Applying applicable law to the record, the Court concludes that plaintiff's constitutional claims brought in this action, which arise out of the same factual transaction as was before the judicial review proceedings in state court, could have been brought in the state court proceedings and, therefore, plaintiff's claims are barred by claim preclusion. The Court's determination is consonant with the policies underlying the claim preclusion doctrine.

//

//

## IV. **ORDER**

Based on the foregoing, it is ordered that plaintiff's motion to strike (#133) is denied as moot, defendants' motions for summary judgment (#19, #108) are granted; and judgment shall be entered in favor of defendants.

DATED this ___7___ day of September, 2007.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE