FILED'07 DEC 21 16:08USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY A. HARRINGTON,                                       Civil No. 06-460-CL

    Plaintiff,                                                                ORDER

v.

PHIL WARD; LARRY MENTEER; DWIGHT
FRENCH; PAUL R. CLEARY; and BARTON
T. CHAPMAN,

    Defendants.

CLARKE, Magistrate Judge:

    Judgment was entered in favor of defendants following the Court's Order granting defendants' motion for summary judgment. Defendants have filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988 and costs pursuant to Federal Rules of Civil Procedure 54(d) (#174), which plaintiff opposes. The Court denies defendants' motion for § 1988 attorney's fees and taxes costs in favor of defendants in the amount of $4,410.10.

### I. LEGAL STANDARDS

    A prevailing defendant in a civil rights case must meet a heightened standard to warrant an award of attorney's fees. Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1036 (9th Cir. 2005) (citing Hughes v. Rowe, 449 U.S. 5, 14 (1980)). "A prevailing defendant is entitled to attorney fees under 42 U.S.C. § 1988 only when the

plaintiff's claims are 'groundless, without foundation, frivolous, or unreasonable.'" Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir. 1987)); Hughes v. Rowe, 449 U.S. 5, 15 (1980) ("'a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The Ninth Circuit has determined that, whether this standard has been met requires assessment of the claim at the time the complaint was filed. The district court "must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting Warren v. City of Carlsbad, 58 F.3d 439, 444 (9th Cir. 1995)); Christianburg Garment Co., 434 U.S. at 421-22 (noting that party may have reasonable ground for bringing suit even where law or facts appear "questionable or unfavorable at the outset.").

The court has discretion in awarding fees under § 1988. Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995).

Pursuant to Federal Rules of Civil Procedure 54(d), a federal court may tax specific items as costs against a losing party as stated in 28 U.S.C. §§ 1920 and 1821. Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005) (citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987)), cert. denied, ___ U.S. ___, 126 S. Ct. 2932 (2006). The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by § 1920. See Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995). The court may "deny costs to a prevailing party for reasons other than punishing misconduct." Kelley

Order - Page 2

v. Sears, Roebuck, and Co., No. CV-01-1423-ST, 2004 WL 1824121, at *3 (D. Or. Aug. 10, 2004).

## II. DISCUSSION

### § 1988 Attorney's Fees

Defendants included a counterclaim for 42 U.S.C. § 1988 attorney's fees in their answer to plaintiff's amended complaint. Defendants seek an award of attorney's fees related to the motion for summary judgment in the amount of $149,015.60, pursuant to 42 U.S.C. § 1988. Defendants contend that plaintiff brought and continued this action even though they demonstrated that the doctrine of claim preclusion prevented him from obtaining any judgment in his favor. Defendants argue that they demonstrated this in their answer asserting claim preclusion and in their summary judgment motion. Defendants assert that plaintiff's continuation of this lawsuit after being informed of its lack of legal support evidences bad faith by plaintiff.

Plaintiff brought constitutional claims for violation of his equal protection, procedural due process, and free speech rights under 42 U.S.C. § 1983. Although the Court granted defendants' motion for summary judgment on the ground that plaintiff's constitutional claims were precluded under the doctrine of claim preclusion, there was nothing apparent at the time that plaintiff filed his constitutional claims against defendants which shows that plaintiff's claims against them were without foundation, frivolous, or unreasonable. Nor can the Court say that it became clear at any time before the Court ruled on defendants' motion for summary judgment that plaintiff's constitutional claims were without foundation, frivolous, or unreasonable. The fact that defendants raised the defense in their answers to plaintiff's complaints and asserted the defense as a ground for summary judgment, and then prevailed on the defense, does not demonstrate that plaintiff's constitutional claims

Order - Page 3

were without foundation or frivolous. As the Ninth Circuit has stated, "a prevailing defendant should not routinely be awarded [§ 1988] attorneys' fees simply because he has succeeded." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994).

In the circumstances, there was nothing obvious which demonstrated that plaintiff's claims were without foundation, frivolous, or unreasonable. See Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1422 (9th Cir. 1988) (no abuse by district judge in refusing to award attorney's fees to defendant; although summary judgment granted on all claims, case presented numerous difficult issues that were not without foundation); Dubuc v. Green Oak Twp., 312 F.3d 736, 755 (6th Cir. 2002) (reversing award of § 1988 fees to defendant where basis for award was not clear cut; finding, based on record, that fact that district court dismissed claim based on claim preclusion did not show that plaintiff knew when suit filed that it was frivolous). Defendants have not sustained their heightened burden of showing that plaintiff's constitutional claims were groundless, frivolous, or unreasonable at any time before the Court granted defendants' motion for summary judgment. Accordingly, defendants' motion for attorney's fees is denied.

**Costs**

Defendants seek $4,410.10 in costs consisting of court reporter and deposition fees. Plaintiff objects to defendants' cost bill and contends that the Court should deny or reduce defendant's requested costs because defendants fail to provide documentation to substantiate the requested costs. Defendants clarified in their reply brief that the requested costs include only transcription fees. Defendants also submitted a revised affidavit of Mr. Geil with their reply, to which they attach the invoices relating to transcription

costs requested.[1]  With the submissions, defendants' costs are documented.

A review of the costs claimed by defendants shows that the costs are allowable costs under 28 U.S.C. § 1920 and appear reasonable in amount.  Costs are taxed in favor of defendants in the amount of $4,410.10.

## IV. ORDER

Based on the foregoing, it is ordered that defendants' motion for attorney' fees pursuant to 42 U.S.C. § 1988 is denied, and costs are taxed in defendants' favor in the amount of $4,410.10.

DATED this 21 day of December, 2007.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the amounts associated with the transcripts of depositions of certain deponents vary significantly from what was submitted with defendants' motion and, consequently, the itemization listed in the Bill of Costs.  Cf. Oct. 11, 2007, Geil Aff. ¶ 12 with Nov. 2, 2007, Revised Geil Aff. § 12.  However, both itemizations total $4,410.10.

Order - Page 5